**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:00 PM December 17, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANIEL WILLIAM MCCARTHY AND CHRISTINA NICHOLE MCCARTHY, | ) ) ) | CASE NO. 19-61737 |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) ) ) | **MEMORANDUM OF OPINION (NOT FOR PUBLICATION)** |

Now before the court is Debtor's motion for leave to file this case. No objections were filed. The court has jurisdiction of this case and matter under 28 U.S.C. § 1334 and General Order 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. The court has the authority to issue final orders pursuant to 28 U.S.C. § 157(b)(1). Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors are familiar with the bankruptcy system. In 1996, Debtor-husband filed a chapter 7 case and obtained a discharge. Debtor-wife filed a chapter 7 in 2003 and received her discharge. In 2011, they jointly filed a chapter 7 and the court granted a discharge. In 2016, they filed a joint chapter 13 case which was voluntarily dismissed in 2017. They filed a second

chapter 13 case in 2018. Finally, they filed the present joint chapter 7 case on August 23, 2019.

Debtors owe a debt to Byrider Finance, LLC d/b/a CNAC ("CNAC") on a 2009 Kia Optima. In their 2016 case, they proposed to pay the balance on the car in full through the chapter 13 plan and retain the car. In their 2018 chapter 13 case, the debt was listed as an unsecured claim, identified by Debtors as a "charge off." CNAC filed a secured claim (#2-1) for $11,477.58. Debtors' confirmed plan did not provide for payment of a secured claim. On February 21, 2019, CNAC filed a motion for relief from stay, unopposed by Debtors. CNAC obtained relief on April 3, 2019. On June 28, 2019, Debtors moved to dismiss their case and the court granted the motion on August 14, 2019.

Just over one week later, Debtors filed the present case. The CNAC debt is again listed as an unsecured claim. On September 25, 2019, Debtors filed a motion for leave to file this case "regardless of 11 U.S.C. § 109(g)(2)."

## DISCUSSION

Section 109(g)(2) creates a temporary bar to filing a subsequent bankruptcy case when a creditor obtains relief from stay and a debtor voluntarily dismisses the underlying case. In applicable part, the statute provides

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> \* \* \*
>
> (2) the debtor requested an obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2). Debtors do not dispute any of the operative facts. They obtained a voluntary dismissal of their chapter 13 case following CNAC's request for relief from stay in their 2018 chapter 13 case. They then filed a chapter 7 case within 180 days of pendency of the preceding case. But not all courts are willing to strictly apply the statute. See In re Richter, 2010 WL 4272915 (Bankr. N.D. Iowa 2010) (outlining various interpretations utilized by courts).

Debtors contend that the specific facts of the case matter to application of the bar to refiling and their position, that a court can exercise discretion in applying § 109(g)(2), finds acceptance in many courts. See First Nat'l Bank of Rocky Mount v. Duncan (In re Duncan), 182 B.R. 156 (Bankr. W.D. Va. 1995); In re Santana, 110 B.R. 819 (Bankr. W.D. Mich. 1990); Fulton Fed. Sav. and Loan Ass'n (In re Milton), 82 B.R. 637 (Bankr. S.D. Ga. 1988). They argue that the present chapter 7 case does not materially affect CNAC at all because it sold the

car before the chapter 7 case was filed and "is not adversely affected by the automatic stay or filing of this new petition." The court must deny the motion for leave for two reasons.

First, many of Debtors' factual claims are not supported in the record. Debtors provide no foundation that the car was surrendered in August 2016. In fact, CNAC's motion for relief indicates that Debtors made payments through June 2017. Moreover, there is no proof that the vehicle was sold prior to the filing of this case. Debtors lack an evidentiary foundation for the relief requested.

Second, regardless of the facts, Debtors' motion is not well-taken. Relying on the plain language of § 109(g)(2), the Sixth Circuit Bankruptcy Appellate Panel rejected Debtors' argument that a court has discretion to apply § 109(g)(2). <u>Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson)</u>, 209 B.R. 76 (B.A.P. 6th Cir. 1997). The court agrees with the BAP's reasoning. The plain statutory language renders Debtors ineligible for relief in this case. The court will therefore dismiss the case by a separate order to be issued immediately.

#   #   #

**Service List:**

Daniel William McCarthy
Christina Nichole McCarthy
231 Clare Rd
Ontario, OH 44906

Deborah L. Mack
53 E Main Street
Lexington, OH 44904

Josiah L. Mason
153 W Main Street
PO Box 345
Ashland, OH 44805-2219